Filed 5/31/24  P. v. Richard CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br>v.<br><br>DALE RICHARD,<br><br>        Defendant and Appellant. | A168325<br><br>(Contra Costa County<br>Super. Ct. No. 0500090525-7) |

In 2010, a jury convicted Dale Richard (appellant) of attempted murder (Pen. Code, §§ 187, subd. (a), 664)[1] and other offenses.  As to the attempted murder charge, the jury found true an allegation that appellant personally used a firearm (§ 12022.53, subd. (b)).  Appellant was sentenced to prison for life with the possibility of parole, plus consecutive terms totaling 21 years 8 months.  This court affirmed the judgment.  (*People v. Richard* (June 4, 2013, A131685) [nonpub. opn.].)

In June 2022, appellant filed a petition for resentencing pursuant to section 1172.6.  The trial court appointed counsel and, following briefing and a hearing, summarily denied the petition.

---

[1] All undesignated section references are to the Penal Code.

1

On appeal, appellant's counsel filed a brief under *People v. Delgadillo* (2022) 14 Cal.5th 216, and appellant filed two supplemental letter briefs. We have evaluated appellant's arguments and conducted our own independent review of the record. We conclude appellant failed to make a prima facie showing for relief under section 1172.6.

Section 1172.6 "applies by its terms only to attempted murders based on the natural and probable consequences doctrine." (*People v. Coley* (2022) 77 Cal.App.5th 539, 548; see also § 1172.6, subd. (a) ["A person convicted of . . . attempted murder under the natural and probable consequences doctrine . . . may file a petition [for resentencing] . . . ."].) The jury in the present case was instructed that, to find appellant guilty of attempted murder, the People must prove "1. The defendant took at least one direct but ineffective step toward killing another person; [¶] AND [¶] 2. The defendant intended to kill that person." The jury was not instructed on the natural and probable consequences doctrine. The record of conviction conclusively establishes that appellant's attempted murder conviction was not based on the natural and probable consequences doctrine.

In his supplemental letter briefs, appellant makes many assertions unrelated to his request for relief under section 1172.6. Among other things, he complains that he was wrongly convicted, that he did not have access to certain discovery, that he was incompetent at trial, and that the sentence he received was excessive due to his mitigating life circumstances. But appellant's letter briefs do not assert any claims of error as to the trial court's denial of his section 1172.6 petition. The claims in appellant's letters are not cognizable in the present appeal.

## DISPOSITION

The order denying appellant's petition for resentencing is affirmed.

SIMONS, Acting P.J.

We concur.

BURNS, J.
CHOU, J.

(A168325)